

# THE ATTORNEY GENERAL

# OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 13, 1970

Hon. J. H. Kultgen, Chairman
Board of Regents
Texas State Technical
  Institute
Waco, Texas 76705

Opinion No.M-554

Re: Whether Article 2615f-1a,
    Vernon's Civil Statutes
    authorizes the Texas
    State Technical Institute
    to accept a fee-simple
    donation of facilities
    in Nolan County, Texas,
    to operate its program,
    and related questions.

Dear Mr. Kultgen:

By recent letter you have requested an opinion concerning
the above stated matter. We quote from your letter as follows:

"Item 13 of the current appropriation to the
Texas State Technical Institute (page IV-74, House
Bill 2, Acts of the 61st Legislature, 2nd Called
Session, 1969) provides a contingency appropriation
for authorized programs, with a proviso as follows:

'The funds appropriated in item 13 above,
may be used only to finance programs offered
pursuant to Section 7(a)(3) of House Bill
No. 137, 61st Legislature, Regular Session,
1969. It is specifically provided that such
funds be used in Nolan County, Texas, in the
event appropriate facilities are provided in
such county.'

-2647-

"There exists no junior college district in Nolan County. If certain specified technical and vocational programs have obtained the necessary approval of the State Board of Vocational Education as required by Section 7(a) of said House Bill 137, if such programs are officially requested by the local officials of Nolan County and have the approval of the Board of Vocational Education as provided by Section 7(a)(3) of House Bill 137, if appropriate facilities are offered in Nolan County, if the remaining requirements of the general appropriation act are met, and further assuming that the necessary instructors will be supplied from the Waco campus and other available sources and that the facility will be operated as a branch or extension of the Waco campus rather than as a separate campus, then is Texas State Technical Institute authorized to accept a fee-simple donation of the facilities and properties in Nolan County for the purpose of operating such approved programs?

"In the event legislative approval is considered necessary under Section 9(c) of House Bill 137, then does the appropriation and the provision quoted above from the general appropriation act constitute such approval?"

The pertinent provisions of Section 7 of House Bill 137 (Article 2615f-1a) are quoted as follows:

"The role and scope of the Texas State Technical Institute shall be to:
(a) Provide occupationally oriented programs in highly technical and vocational areas to include field or laboratory work and remedial or related academic and technical instruction related thereto. Particular emphasis will be on industrial and

technological manpower needs of the state.
Technical and vocational programs shall be subject
to the approval of the State Board of Vocational
Education, and related academic instruction shall
be subject to the approval of the Coordinating
Board, Texas College and University System;

1. ....

2. ....

3. Where there is a county, or a portion of said
county, in this state that is not in an operating
public junior college district, then the institute
may, if requested by the local government and with
the approval of the Board of Vocational Education,
offer the programs so approved as set forth herein:

(b) Provide training programs for technical
teachers, counselors, and supervisors which shall be
subject to prior and continuing approval of the
State Board of Vocational Education;

(c) Conduct manpower development and utiliza-
tion research programs for identification of train-
ing and retraining needs and projections, and for
curriculum development, either individually or in
cooperation with other public and private institutions."
(Emphasis added.)

It seems clear that Section 7 (quoted above) authorizes
the Texas State Technical Institute, in cooperation with other
State agencies, to offer any or all of its program to students
in any county not in a junior college district, including
Nolan County; and such program includes both field and
laboratory work, which, by necessity would require facilities
for holding laboratory classes.

Since the Institute may operate its program within Nolan
County it is our opinion that it may be done by an extension or
branch of its Waco campus, and in doing so accept the facilities
offered in Nolan County to carry out its program.

In light of the above answer to your first question, we deem it unnecessary to answer your second question.

### S U M M A R Y

Pursuant to Section 7(a)(3) of Article 2615f-1a, Vernon's Civil Statutes, the Texas State Technical Institute may operate an extension or branch of its Waco campus in Nolan County in facilities offered by said county for the Institute's programs.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Alfred Walker, Co-Chairman
Harold Kennedy
Bill Craig
Z. T. Fortesque
Richard Chote

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant